# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**MARK OSTERBACK,**

      **Plaintiff,**

**vs.**                              **Case No. 4:16cv105-MW/CAS**

**RICK SCOTT, CELEST PHILIP, M.D.,
SCOTT CREWS, JULIE JONES,
TONI BOWDEN, J. MOORE,
A. PAYNTER, JIMMIE JOHNSON,
LLOYD BURKE, AMY FRIZZELL,
TIMOTHY HOOTEN, RHONDA FLOWERS,
and CHRISTOPHER RYAN,**

      **Defendants.**

_____/

## ORDER and REPORT AND RECOMMENDATION

This case was initiated by pro se Plaintiff Mark Osterback, a prisoner in the custody of the Florida Department of Corrections.  Mr. Osterback paid the filing fee, ECF No. 4, and before the complaint could be reviewed as required by 28 U.S.C. § 1915A,[1] a notice of appearance was filed on April 12, 2016, on behalf of eight Defendants: Rick Scott, Celeste Philip,

---

[1] Thus, no Order was entered by this Court directing service of process.

M.D.,[2] Scott Crews, Julie Jones, Toni Bowden, Jimmie Johnson, Lloyd

Burke, and Amy Frizzell.  A few days later, waivers of service forms were

filed for those Defendants, ECF No. 6, and subsequently, remaining

Defendants Rhonda Flowers, Timothy Hooten, J. Moore, A. Paynter, and

Christopher Ryan, filed waivers of service and additional notices of

appearance.  ECF Nos. 7, 9-10, and 12.

Mr. Osterback filed an amended complaint, ECF No. 8, on April 28,

2016.  Defendants filed a motion to dismiss on May 18, 2016.  ECF No. 11.

The motion seeks to dismiss the amended complaint for failing to comply

with the Rules, seeking to bring numerous, unrelated claims in one case,

not providing his litigation history, and failing to state a claim under 42

U.S.C. § 1983.  Mr. Osterback has filed a response to that motion, ECF No.

19, and a recommendation is made herein on the motion to dismiss.

Additionally, Mr. Osterback filed an amended ("corrected") motion for

preliminary injunction.  ECF No. 17.  Defendants Crews and Jones filed a

---

[2] The notice stated that John H. Armstrong, M.D., was "sued in his official capacity as Surgeon General of the State of Florida."  ECF No. 5 at 1.  Because he no longer serves in that capacity, "Dr. Celeste Philip, the current Surgeon General for the State of Florida, should be substituted in her official capacity."  *Id.*  That notice apparently prompted Plaintiff to file an amended complaint, ECF No. 8, which named Dr. Philip as a Defendant.  Thus, substitution under Rule 25(d) is not necessary.

response in opposition to the motion.  ECF No. 21.  That motion[3] is also addressed herein.

Mr. Osterback also filed a "motion to take judicial notice."  ECF No. 23.  Mr. Osterback requests judicial notice of an article written by James Call and published in the Tallahassee Democrat.  *Id.*  Mr. Osterback's motion appears to request that this Court take judicial notice of facts stated in the article and not just that the media has reported on certain events or issues.  Indeed, Mr. Osterback argues that the "article directly refutes the statements advanced by Defendants in their Response, which this Court should take notice of."  ECF No. 23 at 2.

Mr. Osterback provided a photocopy of the article which addresses a request for a special legislative session to consider "'dangerously low' staffing in state prisons."  ECF No. 23 at 4.  The article noted the Department of Corrections had requested funding to hire 700 additional correctional officers but the Legislature funded only 215 new officers.  *Id.*  The article also discussed salary issues for officers, growth in inmate

---

[3] Mr. Osterback's amended motion for preliminary injunction, ECF No. 17, relies on exhibits which were attached to the initial motion.  Notwithstanding the fact that the initial motion, ECF No. 14, is moot, the exhibits submitted with that motion will be considered, to the extent that is necessary.

population, overtime and double shifts, and a recent news story about an

incident at Franklin Correctional Institution.  Quotations in the article are

attributed to Kimberly Schultz, a probation officer, who is not a party to this

litigation.  ECF No. 23 at 4.

Rule 201 which governs judicial notice of adjudicative facts permits a

Court to "judicially notice a fact that is not subject to reasonable dispute

because it: (1) is generally known within the trial court's territorial

jurisdiction; or (2) can be accurately and readily determined from sources

whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

"For example, the kinds of things about which courts ordinarily take judicial

notice are (1) scientific facts: for instance, when does the sun rise or set;

(2) matters of geography: for instance, what are the boundaries of a state;

or (3) matters of political history: for instance, who was president in 1958."

Shahar v. Bowers, 120 F.3d 211, 214 (11th Cir. 1997).  The Eleventh

Circuit noted in Bowers that a similar type of request was not within the

permissible range of Rule 201.  Bowers, 120 F.3d at 215, n.5 (stressing

"that we are not asked merely to take judicial notice of the fact that the

media has reported 'X' or the fact that a press release says 'X.'  We are

asked to know 'X.'").  Courts may take judicial notice of newspaper articles

Case No. 4:16cv105-MW/CAS

"for the limited purpose of" noting statements within the article, but "not to

determine the truth of matters asserted in the" article.  Bryant v. Avado

Brands, Inc., 187 F.3d 1271, 1287, n.10 (11th Cir. 1999); U.S. ex rel.

Osheroff v. Humana Inc., 776 F.3d 805, 815 (11th Cir. 2015).  Because it

appears that Mr. Osterback is requesting that judicial notice be taken of the

truth of statements made in the article when ruling on the motion to

dismiss, the motion is denied.

The motion should also be denied because a motion to dismiss is

generally confined to the allegations of a complaint, documents attached

thereto which are not in dispute, and the motion to dismiss.  Brooks v. Blue

Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1368-69 (11th Cir.

1997) (citing 5 Charles A. Wright & Arthur Miller, Federal Practice and

Procedure § 1356 at 590-92 (1969) (Wright & Miller)).  Extraneous

documents that could be considered at the summary judgment stage of

litigation are not appropriately considered when ruling on a motion to

dismiss.

All of this is somewhat unnecessary in light of the arguments made in

the motion to dismiss.  ECF No. 11.  Defendants point out that Plaintiff's

amended complaint asserts six separate counts, dealing with numerous, unrelated issues and is the "quintessential shotgun pleading" which violates the Federal Rules of Civil Procedure. *Id.* at 6-7. Defendants argue that the complaint does not comply with Rule 8's requirement to provide "a short and plain statement of the claim." *Id.* at 7. Furthermore, Defendants contend that Plaintiff did not adhere to Local Rule 5.7 and did not disclose his prior litigation history. *Id.* at 8-11. Defendants also argue the compliant should be dismissed for failure to state a claim under § 1983. *Id.* at 11-15.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to FED. R. CIV. P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting

Twombly, 550 U.S. at 570, 127 S.Ct. 1955).[4]  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct

alleged."  Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 at 556); see also

Speaker v. U.S. Dep't of Health, 623 F.3d 1371, 1380 (11th Cir. 2010).

"The plausibility standard" is not the same as a "probability requirement,"

and "asks for more than a sheer possibility that a defendant has acted

unlawfully."  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 at 556).  A

complaint that "pleads facts that are 'merely consistent with' a defendant's

liability," falls "short of the line between possibility and plausibility."  Iqbal,

129 S.Ct. at 1949 (quoting Twombly, 550 at 557).

The pleading standard is not heightened, but flexible, in line with Rule

8's command to simply give fair notice to the defendant of the plaintiff's

claim and the grounds upon which it rests.  Swierkiewicz v. Sorema, 534

U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified

pleading standard applies to all civil actions, with limited exceptions.").  Pro

---

[4] The complaint's allegations must be accepted as true when ruling on a motion
to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), cert.
denied, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's
disbelief of a complaint's factual allegations."  Twombly, 127 S.Ct. at 1965, (quoting
Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

se complaints are held to less stringent standards than those drafted by an

attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing

Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d

652 (1972)).  Nevertheless, a complaint must provide sufficient notice of

the claim and the grounds upon which it rests so that a "largely groundless

claim" does not proceed through discovery and "take up the time of a

number of other people . . . ."  Dura Pharmaceuticals, Inc. v. Broudo, 544

U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005) (quoted in Twombly,

127 S.Ct. at 1966).  The requirements of Rule 8 do "not unlock the doors of

discovery for a plaintiff armed with nothing more than conclusions."  Iqbal,

556 U.S. at 678-79, 129 S.Ct. at 1949.  A complaint does not need detailed

factual allegations to survive a motion to dismiss, but Rule 8 "demands

more than an unadorned, the-defendant-unlawfully- harmed-me

accusation."  556 U.S. at 678, 129 S.Ct. at 1949.  "A pleading that offers

'labels and conclusions' or 'a formulaic recitation of the elements of a

cause of action will not do.'"  Id. (quoting Twombly,  550 U.S., at 555, 127

S.Ct. 1955).

Courts should take a "two-pronged approach" when considering a

motion to dismiss under Rule 12(b)(6).  Iqbal, 556 U.S. at 679, 129 S.Ct. at

1950.  The first consideration is whether the complaint presents "well-pleaded factual allegations" which are entitled to a presumption of truth or, whether, the complaint merely asserts "legal conclusions" which "are not entitled to the assumption of truth."  *Id.* at 679, 129 S.Ct. at 1950.  If the complaint contains factual allegations that are well pled, the second step is to consider whether the non-conclusory factual allegations "plausibly give rise to an entitlement to relief."  *Id.*  If so, a motion to dismiss should be denied.  *Id.*, at 680, 129 S.Ct. at 1950-51 (citations omitted).

**Analysis**

Defendants point out that Count I of the complaint "contains 115 paragraphs best described as related to conditions of confinement ranging across numerous institutions."  ECF No. 11 at 2.  The section of amended complaint concerning Count I alone includes numerous subsections entitled: "Housing," "Nourishment," "Medical Attention," "Safety and Health," and "64E-26, Fla. Admin. Code and § 944.023, Fla. Stat."  *Id.*  (citing ECF No. 8 at 3-17).

Count II contains 51 paragraphs alleging a myriad of facts which Mr. Osterback did not title, but has generally alleged historical type facts.  *See* ECF No. 8 at 17-23.  Under the statement of claims section of the

complaint, Mr. Osterback contends he seeks "relief from the deprivation of rights secured by the federal and state constitutions . . . ."  ECF No. 8 at 36.  Mr. Osterback asserts the deprivation of his First Amendment right to petition for redress of grievances, political speech, and access to the courts.  He further contends he was deprived of due process of law and of equal protection.  *Id.*  He complains about practices concerning anonymous, unverifiable information, and practices concerning transfers designed "to punish" prisoners.  ECF No. 8 at 36.

Count III contains 28 paragraphs and additional subparagraphs generally challenging rule making notices, procedures, and the refusal of Defendant Philip "to adopt a rule for providing 64E-26 rulemaking notices to the class of persons (i.e. prisoners) directly affected thereby." ECF No. 11 at 3 (citing ECF No. 8 at 23).  Count III contains subsections entitled: "Notice and Opportunity to be Heard," "2007 Repeals," and "2010 Amendments/Repeals."  *See* ECF No. 8 at 23-27.

Count IV consists of 15 paragraphs and subparagraphs and generally challenges Defendant Scott's enforcement of Florida's Administrative Procedures Act (Florida Statutes, Chapter 120), and Defendants Jones' enforcement of Fla. Admin. Code R. 33-102.202.  ECF No. 8 at 27-29.  Mr.

Osterback challenges the exclusion of prisoners from participating in the

A.P.A. process and D.O.A.H. proceedings.  *Id.* at 28-29.

Count V consists of 15 paragraphs and concerns the enforcement of

FLA. STAT. § 945.10(3) and FLA. ADMIN. CODE R. 33-601.901.  ECF No. 8 at

29-30.  Mr. Osterback challenges the restrictions placed on inmates to

access public records pertaining to the Department of Corrections.  *Id.*

Count VI contains 36 paragraphs related to FLA. STAT. § 57.085,

which governs payments (liens on prisoner accounts) of filing fees and

court costs on prisoners declared indigent.  ECF No. 8 at 31-35.  The

amended complaint challenges the imposition of the costs under the so-

called "Zero Balance Policy" and the "Prescreening for Legal Sufficiency"

procedures utilized in state court.  *Id.*

The amended complaint is a total of 41 pages and 277 numbered

paragraphs, not including the multitude of subparagraphs.[5]  ECF No. 8.  69

It does not comply with the requirements of Rule 8 which provides that a

pleading "must contain: (1) a short and plain statement of the grounds for

the court's jurisdiction, unless the court already has jurisdiction and the

_____

[5] The complaint is not "double spaced with at least 14-point font" either.  Had
Mr. Osterback complied with Rule 5.1(C), the complaint would conceivably be over 60
pages in length.

claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."  FED. R. CIV. P. 8(a).  The amended complaint is not a "short and plain statement."  It is a lengthy, detailed statement consisting of irrelevant facts spanning several institutions and many years.  For example, the subheading "Nourishment" begins with allegations of per diem costs in 1992-92, altered menus in 2003-04, and reduced menu portions in 2008.  None of those issues can be appropriately litigated in a case filed in 2016 as they are barred by the statute of limitations.  Providing "painstaking detail" to support a claim (see ECF No. 19 at 2) is appropriate at the summary judgment stage of litigation or during trial, but it is not appropriate for a complaint.  That level of detail does not help, but rather hinders litigation, at least in a complaint that alleges six separate claims with additional sub-claims.

Moreover, Mr. Osterback did not submit his complaint on the form required to be used in this Court by pro se litigants.  Rule 5.7(A) provides that "[a] party not represented by an attorney must file any of these onlyon a form available without charge from the Clerk or on the District's website:

a petition for a writ of habeas corpus, a motion for relief under 28 U.S.C. § 2255, or a complaint in a civil-rights case." N.D. Fla. Loc. R. 5.7(A). "The Court need not - and ordinarily will not - consider a petition, motion, or complaint that is not filed on the proper form." *Id.* Had the complaint form been used, Mr. Osterback would have clearly been instructed that his complaint must focus on one issue or incident. This case cannot be used to challenge every policy, procedure, or incident that Mr. Osterback believes violates his rights. It must be limited to one issue or event or this litigation will not be manageable.

Mr. Osterback recognizes that his amended complaint "far exceeds the page limitation and font size/spacing requirements of" the Local Rules of this Court. ECF No. 19 at 3-4. He contends, however, that such detial was "required to survive a motion to dismiss under *Ashcroft v. Igbal*, 129 S.Ct. 1937 (2009)." *Id.* at 4. Enough facts must be provided so that a complaint is more than conclusory, but "intricate, detailed factual allegations" are not necessary. Rule 8 requires a "short and plain" statement, not a long and detailed one. Mr. Osterback should be required to comply with Rule 5.1(C) and present a pleading that is "double spaced with at least 14-point font and at least one-inch margins" on each page.

N.D. Fla. Loc. R. 5.1(C).  His pleading must comply with Rule 5.7(B) and "not exceed 25 pages, unless the Court authorizes it."  N.D. Fla. Loc. R. 5.7(B).

For all of these reasons it is recommended that the motion to dismiss the amended complaint be granted.  However, Mr. Osterback should be provided an opportunity to submit a second amended complaint which complies with Rule 8(a), the instructions on the complaint form, and the Local Rules of this Court.  Mr. Osterback should be required to limit his complaint to one issue, whichever he chooses to pursue in this case.

Furthermore, Defendants have argued that Mr. Osterback should also be required to submit his litigation history, something he did not do in the amended complaint.  Mr. Osterback contends that to his "recollection, he has only initiated 12 cases" in federal court, not the 33 cases asserted by Defendants.  ECF No. 19 at 6.  Mr. Osterback also claims that none of his cases were determined to be frivolous.  *Id.* at 6.

That assertion is not true.  Mr. Osterback filed case number 6:99cv509 in the Middle District of Florida.  It was dismissed for failure to state a claim in October 1999.  ECF No. 18 of that case.  Mr. Osterback then filed an appeal which was dismissed as frivolous.  ECF No. 29 of case

# 6:99cv509.  While it is true that numerous cases filed by Mr. Osterback ended with a settlement, it is also true that Mr. Osterback has accumulated three strikes under § 1915(g), a fact which he acknowledges in the instant complaint, ECF No. 8 at 3.  Mr. Osterback has asserted that listing all his prior cases is "superfluous" because he admits he has three strikes.  But doing so is also beneficial because it helps the Court determine that issues raised in a current case were not previously raised in a prior case.  That is a problem that has already been faced by Mr. Osterback.  *See* case # 4:02-cv-346-SPM/AK.  Accordingly, Mr. Osterback should be required to provide a listing of his prior litigation as is required by all prisoner litigants in this Court.

In light of this recommendation, the amended motion for preliminary injunction, ECF No. 17, should be denied.  Granting or denying a preliminary injunction is a decision within the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)).  Preliminary injunctive relief may be granted only if the moving party establishes:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury unless the injunction issues;

(3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and

(4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson–Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983).  A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff.  Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Jefferson County, 720 F.2d at 1519 (citing Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974)).

There is no need to go "farther than the first prong of this analysis because [Plaintiff] cannot show a substantial likelihood of success on the merits."  Pine v. City of West Palm Beach, FL, 762 F.3d 1262, 1268 (11th Cir. 2014).  Because Mr. Osterback's amended complaint has been found deficient and it has been recommended that Mr. Osterback be required to submit an amended complaint, he has correspondingly failed to meet the

prerequisites for injunctive relief.  Therefore, the amended motion for

preliminary injunction must be denied as Mr. Osterback has not

demonstrated a substantial likelihood of success on the merits.

Accordingly, it is **ORDERED** that the motion to take judicial notice,

ECF No. 23, be **DENIED**.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that the motion to dismiss, ECF

No. 17, be **GRANTED** and Plaintiff's amended complaint, ECF No. 8, be

**DISMISSED without prejudice** for failure to comply with FED. R. CIV. P.

8(a) and N.D. Fla. Loc. R. 5.1(C) and N.D. Fla. Loc. R. 5.7(a), but that

Plaintiff be provided an opportunity to submit a second amended complaint

which is limited to one issue and complies with Rule 8 and the Local Rules

of this Court.  It is further **RECOMMENDED** that the amended motion for

preliminary injunction, ECF No. 17, be **DENIED**, and this case **REMANDED**

for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on July 25, 2016.


 s/    Charles A. Stampelos
**CHARLES A. STAMPELOS**

Case No. 4:16cv105-MW/CAS

**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**