# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

MARK OSTERBACK,

       *Plaintiff,*

v.                         **Case No. 4:16cv105-MW/CAS**

RICK SCOTT, *ET AL.*,

       *Defendants.*

_____/

## ORDER ACCEPTING IN PART REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 24. It has also reviewed Plaintiff's Objections, ECF No. 26.

This Court generally agrees with the Magistrate Judge's Recommendation, and agrees with the recommended disposition of the motions at issue. However, it is necessary to clarify one aspect of the Recommendation.

The Magistrate Judge recommended that Plaintiff's Amended Complaint be dismissed and that Plaintiff receive an opportunity to submit a "second amended complaint which is limited to one issue and complies with Rule 8 and the Local Rules

of this Court." ECF No. 24 at 17. Earlier, the Magistrate Judge noted that Plaintiff's "complaint must focus on one issue or incident. This case cannot be used to challenge every policy, procedure, or incident that Mr. Osterback believes violates his rights. It must be limited to one issue or event or this litigation will not be manageable." *Id.* at 13.

The Magistrate Judge's words are not incorrect, but require clarification so that they are not misconstrued by a pro se litigant. As the Plaintiff points out in his third objection, Rule 8 explicitly allows a complainant to bring multiple claims addressing multiple issues or incidents within a single complaint. *See* Fed. R. Civ. P. 8(a)(3); 8(d)(2); 8(d)(3).

The claims, of course, cannot be completely unrelated; allowing someone to bring unrelated claims against multiple defendants in a single lawsuit would not only create the "sort of morass [a multiple claim, multiple defendant] suit produce[s]," but also allow him to circumvent the requirement "that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *Smith v. Conner*, No. 8:12-CV-52-T-30AEP, 2012 WL 1676643, at

*1 (M.D. Fla. May 14, 2012) (citing *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007)).

A plaintiff can certainly file multiple claims pertaining to a single incident—say, claims alleging that a prison's defective nutritional program violates a plaintiff's rights under the First, Eight, and Fourteenth Amendments. He may file multiple claims pertaining to distinct incidents by the same or related defendants—say, against a prison official who provides a defective nutrition program and subsequently violates a plaintiff's First Amendment rights to file grievances over the defective program; or, say, against a prison official who provides a defective nutrition program and also provides constitutionally defective medical care during the plaintiff's stay at the same facility. But a plaintiff cannot, for example, bring unrelated claims against a prison official at his current prison and a different prison official at a different prison where he was previously incarcerated for a different crime.

That said, if a plaintiff chooses to bring multiple, related claims in a single complaint, he must still abide by the rules. As the Magistrate Judge properly noted, he must still adhere to the page limits, and he may not set forth a tome of unnecessary and

irrelevant facts in his complaint. Plaintiff is cautioned that he should stay focused on the point of litigation. His goal is to secure some sort of relief, to achieve a particular end. His Complaint should set forth a clear, concise statement of the facts and a clear, concise request for the relief he seeks based on those facts. Unnecessarily long recitations of fact, frivolous and unrelated claims, and jumbled pleadings will only delay Plaintiff's quest for the relief he seeks and will accomplish little more than a waste of everyone's—including Plaintiff's—time.

Accordingly,

**IT IS ORDERED:**

1. The Magistrate Judge's Report and Recommendation, ECF No. 24, is **ACCEPTED AND ADOPTED IN PART** as set forth in this Order.

2. The motion to dismiss, ECF No. 11, is **GRANTED.** Plaintiff's amended complaint, ECF No. 8, is **DISMISSED WITHOUT PREJUDICE.** Not later than 30 days from the date of this Order, Plaintiff may file an amended complaint.

3. The motion for preliminary injunction, ECF No. 17, is **DENIED.**

4. This case is remanded to the Magistrate Judge for

further proceedings.

**SO ORDERED on August 18, 2016.**

<u>**s/Mark E. Walker**</u>
**United States District Judge**