Case 4:16-cv-00105-MW-CAS   Document 37   Filed 01/30/17   Page 1 of 19

Provided to Mayo C.I. on
1-25-17 for mailing by /MO/
Date               Initials

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT FLORIDA
Tallahassee Division

Mark Osterback,
    Plaintiff,

v.                                                  Case No: 4:16-cv-105-MW-CAS

Rick Scott, and Celest Philip,
    Defendants.
_____/

## THIRD AMENDED COMPLAINT

**I.    PLAINTIFF:**

State your **full name**, prisoner number, and full mailing address.

Name of Plaintiff: Mark Osterback
Prisoner Number: 745238
Prison or Jail: Mayo Correctional Institution Annex
Mailing address: 8784 U.S. Hwy 27 West, Mayo, FL 32066

**II.    DEFENDANT(S):**

State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for every Defendant:

(1)    Defendant's name: Rick Scott
        Official position: Governor
        Employed at: The Capitol
        Mailing address: The Capitol, Tallahassee, FL 32399-0001

(2)    Defendant's name: Celest Philip, M.D.
        Official position: State Surgeon General; Agency Secretary
        Employed at: Dept. of Health ('DOH')
        Mailing address: 4052 Bald Cypress Way, Bin A01, Tallahassee, FL 32399

**III.    EXHAUSTION OF ADMINISTRATIVE REMEDIES**

**Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

Counts I and II are not subject to exhaustion of administrative remedies, as none are available. The only one available, under § 120.54(7), Fla. Stat. was utilized by Plaintiff.

IV. **PREVIOUS LAWSUITS**

A. Have you initiated any other action in **state court** dealing with the same or similar facts/issues involved in this action?

Yes(x)   No( )

*Mark Osterback v. Leslie Harris, et al.*: Case No. 2010-CA-307; Judge William Hallman; 5th Judicial Circuit/Sumter County; case transferred under request of Defendants to 2nd Jud. Cir/Leon Co. due to home venue privilege, assigned Case No. 2011-CA-2366; case filed Jan. 2010 to challenge agency non-compliance with § 944.023, inadequate nutrition/medical care; unsanitary serving utensils; and the 2007 repeal of 64E-26.014 and .015. Upon transfer case dismissed 7 Sept. 2011 due to pre-filing injunction in Leon Co.

B. Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes ( )   No(x)

C. Have you initiated other actions *(besides those listed above in Questions (A) and (B))* in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the condition of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes(x)   No( )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

(i) *Mark Osterback v. Ron McAndrew, et al..*, Case No. 96-1594; Judge William Gary; 2nd Jud. Cir./Leon Co.; Case filed March 1996 to seek mandamus to compel Gulf CI Warden and DOC Secretary to perform certain ministerial acts required by DOC rules; Case dismissed 4 Sept. 1996 as moot when Plaintiff transferred.

(ii) *Mark Osterback v. Ron McAndrew, et al..;* Case No. 96-3716 Judge (?) 2nd Jud. Cir. Leon Co.; Case filed March 1996 to compel Gulf CI Warden and DOC Secretary to reimburse Inmate Welfare Trust Fund for misappropriated property; case dismissed as part of 2004 settlement.

(iii) *Mark Osterback v. Harry K. Singletary;* Case No. 95-3861 Judge William Gary; 2nd Jud. Cir./Leon Co.; cases filed in 1995 to challenge agency disciplinary action. Petition denied in 1996 appealed to First DCA. Order reversed 679 So. 2d 43; Petition granted upon remand.

(iv) *Mark Osterback v. Joe Butler, et al..*, Case No. 98-8582 Judge (?); 11th Jud. Cir. Case filed early 1998 seeking monetary damages and declaratory/injunctive relief for violation of right of access to court. Case voluntarily dismissed in 1999.

2

(v) *Mark Osterback v. Warren Cornell;* Case No. 98-CA-711 Judge Donald Pellechia; 20th Jud. Cir./Charlotte Co.; Case filed *circa* April 1998 to seek homestead exemption protection on prisoner account, case dismissed June 1998 order affirmed on appeal.

(vi) *Mark Osterback v. Harry K Singletary;* Case No. 92,866 Justices of Court; Supreme Court of Florida; filed March 1998; All Writs Petiton to seek relief from appellate court requiring strict compliance with § 57.085(7), Fla. Stat. Petition denied 1 Dec. 1998.

(vii) *Mark Osterback v. Michael W. Moore;* Case No. SC02-108 Justices of Court; Supreme Court of Florida; filed early 2002 seeking mandamus relief to compel DOC to process petitions filed pursuant to §120.54(7)(b) according to statutory provisions; case was transferred to 2nd Jud. Cir./Leon Co. for handling – assigned Case No. 2002-CA-1196; case dismissed as part of 2004 settlement with DOC.

(viii) *Mark Osterback v. Harry K. Singletary;* Case No. 1997-CA-4792 Judge (?); 2nd Jud. Cir./Leon co.; case filed mid 1997 challenging agency disciplinary action taken at Okaloosa CI; case dismissed for non compliance with §57.085(7); order appealed; appellate court dismisses appeal for non-compliance with 57.085(7) leading to all writs (See IV.c.(vi), *supra*). Appeal eventually reinstated when 57.085(7) declared unconstitutional in *Jackson v. DOC,* 790 So.2d 381 (Fla. 2000).

(ix) *Mark Osterback v. Joseph Petrowsky;* case No. 00-118-CA01 Judge (?); 1st Jud. Cir./Santa Rosa Co.; case filed in 2000 challenging agency disciplinary action taken at Walton CI; petition denied on merits 2001; order affirmed on appeal.

(x) *Mark Osterback v. Stan Czerniak;* Case No. 00-659-CA01 Judge (?) 1st Jud. Cir./Santa Rosa Co.; Case filed Sept. 2000; complaint for declaratory judgment that DOC photocopy rule is invalid. Case denied on merits 2002; order affirmed on appeal, but relief eventually granted on identical issue in *Smith v. DOC,* 920 So. 2d 638 (1st DCA 2005).

(xi) *Mark Osterback v. John Agwunobi;* Case No. 00-659-CA01 Judges Michael G. Allen , Paul Rassumussen, Gary Bergosh: 1st Jud. Cir./ Santa Rosa co. case filed Sept. 2000; complaint for declaratory judgment that the 1996 repeal of 10D-7 was invalid; judgment entered for Agwunobi; order appealed and reversed 873 So. 2d 437 (1st DCA 2004) Judge declares repeal invalid on remand; order appealed and affirmed *Francois v. Osterback;* 928 so. 2d. 396 (1st DCA 2006).

(xii) *Mark Osterback v. L.E. Turner;* Case No. 01-234-CA Judge John W. Peach; 3rd Jud. Cir./Hamilton County; Case filed in 2001 seeking declaratory judgment concerning mail rules; court denied indigency before pre-screening case dismissed; order appealed and reversed 837 So. 2d 604 (1st DCA 2003)

(xiii) *Mark Osterback v. Walter McNeil;* Case No. 2007-Ca-2352 Judge Charles Francis; 2nd Jud. Cir./Leon Co.; case filed late 2007 challenging agency disciplinary action taken at Sumter CI seeking declaratory judgment as to validity of agency rules and agency contract terms with a render as well as a constitutional challenge to § 945.10(3) Fla. Stat. and a public records enforcement action; case dismissed in 2008 as frivolous and/or malicious; court imposed pre-

filing injunction on Plaintiff in 2nd Jud. Cir.; orders affirmed on appeal.

(xiv) *Mark Osterback v. Jimmie Johnson;* Case No. 15-CA-294 Judge William Hallman; 5th Jud. Cir./Sumter Co.; case filed August 2015 seeking return of personal property erroneously confiscated; court *sua sponte* transferred venue to 2nd Jud. Civ./Leon Co. and was dismissed; order appealed, awaiting court's decision.

(xv) *Mark Osterback v. Jackie L. Ingram, et al.*; Case No. 3:96-cv-580/LAC Judge Lacey A. Collier; U.S. Dist. Ct./N.D. Fla./Pensacola Div. Case filed late 1996; § 1983 complaint seeking damages and declaratory judgment concerning discipline imposed for expression in outgoing mail; *in forma pauperis* granted; judgment granted for defendants on damages; judgment granted for Plaintiff on constitutional violation 25 October 1999; order appealed and affirmed; certiorari denied in 2001.

(xvi) *Mark Osterback v. Josephus Johnson, et al.;* Case No. 2:97-cv-314-FTM Judge Susan Bucklew, John H. Moore; U.S. Dist. Ct./M.D. Fla./Ft. Myers Div. case filed early 1997; §1983 complaint seeking damages for violation of due process in agency disciplinary proceeding; *in forma pauperis* granted; case survives motion to dismiss, discover commences; judgment granted in favor of Defendants on 3 June 2003; order affirmed on appeal 16 June 2004.

(xvii) *Mark Osterback v. Harry K. Singletary, et al.;* Case No. 97-2806-civ-MORENO Judge Federico Moreno; U.S. Dist. Ct./S.D. Fla./Miami Div. Case filed Aug. 1997; § 1983 complaint seeking damages and equitable relief from violation of constitutional rights due to close management housing status; *in forma pauperis* granted and summons served; counsel secured, class certified July 2000; offer of judgment in early 2001; case transferred to M.D. in Jacksonville assigned Case No. 3:04-cv-210-J25JRK Judgment entered for Plaintiffs after settlement 25 March 2008.

(xviii) *Mark Osterback v. James v. Crosby;* Case No. 4:01-cv-76-WAS Judge William Stafford; U.S. Dist. Ct./N.D. Fla./Tallahassee Div. Case filed early 2001; § 1983 complaint seeking equitable relief from DOC rules concerning contraband, discipline and mail. DOC amended contraband rule to moot claim; *in forma pauperis* granted; judgment entered for Defendant on discipline rule and for Plaintiff on mail rule. 5 March 2003 case dismissed as part of 2004 settlement with DOC.

(xix) *Mark Osterback v. Jeb Bush;* Case No. 4:01-cb-111-WAS Judge William Stafford; U.S. Dist. Ct./N.D. Fla./Tallahassee Div. Case filed early 2001; § 1983 complaint challenging constitutionality of § 57.085(7). Before judgment was entered case was mooted when Supreme Court of Florida declared § 57.085(7) violative of state access to court provisions of constitution in *Jackson v. DOC, 790* So. 2d 381 (Fla. 2000)

(xx) *Mark Osterback v. Doyle Kemp, et al.;* Case No. 4:01-cv-207-RH Judge Robert Hinkle; U.S. Dist. Ct. /N.D. Fla. /Tallahassee Div. Case filed mid 2001; § 1983 complaint seeking equitable relief and damages for retaliatory transfers; *in forma pauperis* granted; judgment entered in Defendants' behalf on one transfer and Plaintiff's behalf on other 12 September 2003; case set for trial; case dismissed as part of 2004 settlement with DOC.

(xxi) *Mark Osterback v. Janice Clark, et al.;* Case No. 4:02-cv-249-SPM/AK Judge Steven Merryday; U.S. Dist. Ct. /N.D. Fla./Tallahassee Div. Case filed mid 2002; § 1983 complaint seeking damages and equitable relief for DOC's practice/policy of disciplining prisoners for expression in outgoing mail; *in forma pauperis* granted; case dismissed as part of 2004 settlement with DOC.

(xxii) *Mark Osterback v. Clayton Summons, et al.;* Case No. 5:08-cv-219-WTH Judge William Hodges; U.S. Dist. Ct./M.D.;Fla./Ocala Div.; Case filed mid 2008; §1983 complaint seeking declaratory/injunctive relief that processing of criminal appeal violated due process; filing fee paid; judgment entered for Defendants who were immune from suit.

(xxiii) *Mark Osterback v. Jimmie Johnson;* Case No. 5:16-cv-219-WTH Judge William Hodges; U.S. Dist. Ct./M.D. Fla./Ocala Div.; Case filed Feb. 2016; citizen complaint under 33 U.S.C. § 1365 Clean Water Act concerning pollution at Sumter CI; filing fee paid; case dormant at present while awaiting decision from 6th Circuit.

(xxiv) *Mark Eric Osterback v. Michael w. Moore;* Case No. 99-civ-31-Orl-27c Judge Anne Conway; U.S. Dist Ct./M.D. Fla./Orlando Div.; Case filed Jan. 1999; 28 U.S.C. §2254 petition raising 10 claims for relief; *in forma pauperis* granted; petition denied as untimely 21 July 1999; order appealed through counsel and affirmed; certiorari denied.

(xxv) *In Re Mark Eric Osterback;* Case No. 08-11508-J Justices of Court; U.S. Court of Appeals for the 11th Circuit Application for Leave to File Second or Successive Habeas Corpus Petition filed 1 April 2008; Leave denied 21 April 2008.

(xxvi) *In Re Mark Eric Osterback;* Case No. 12-15460-J Justices of Court; U.S. Court of Appeals for the 11th Circuit Application For Leave to File Second or Successive Habeas Corpus Petition filed 23 October 2012; Leave denied 14 November 2012 [1]

D. Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and ever case so dismissed:

Yes(x)            No( )

(i) *Mark Osterback v. Michael Moore, et al;* Case No. 99-304-Civ-Orl-19B Judge Patricia Fawcett; U.S. Dist. Ct./M.D. Fla./Orlando Div. Case filed march 1999; § 1983 complaint challenging as unconstitutional the DOC law library/legal assistance program where it had caused Plaintiff an actual injury; case *sua sponte* transferred to N.D. Fla. Assigned Case No. 4:990-cv-125-WAS. Judge Stafford transfers it back to M.D. Fla. as case sought to establish cause for procedurally defaulted claims in 99-civ-31-Orl-27C and case assigned no. 99-civ-509-Orl-19C. Once back in Orlando Judge Fawcett *sua sponte* dismissed without opportunity to amend for "failure to state a justiciable claim." *In forma pauperis* sought for appeal, but denied

---

[1] These are all the cases for which Plaintiff has records or can recall from memory. There may be others from years past he has not recorded here. If so it is not deliberate.

5

for "failure to make a substantial showing of the denial of a constitutional right."

(ii) *Mark Osterback v. Michael W. Moore, et al.,* Case No. 99-14803-I Justices of Court; U.S. Court of Appeals for the 11th Circuit filed Nov. 1999; when *in forma pauperis* sought, after denial in district Court, 11th Circuit states that District Court found the appeal was "frivolous" and Plaintiff was required to show cause why appeal should not be dismissed. After response, appeal dismissed as frivolous; certiorari denied 121 S. Ct. 587 (2000)

(iii) *Mark Osterback v. James v. Crosby, et al.,* Case No. 4:02-cf-346-SPM/AK Judge Steven Merryday; U.S. Dist. Ct./N.D. Fla./Tallahassee Div. Case filed mid 2002; § 1983 complaint challenging as unconstitutional the DOC law library/legal assistance program where it had caused Plaintiff an actual injury; dismissed for failure to state a claim.

**V.   STATEMENT OF FACTS:**
**State briefly the FACTS of this case. Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. Do not make any legal arguments or cite to any cases or statutes. You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. (If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

1. At all times relevant hereto, Defendants have acted and continue to act under color of state law and are sued in their official capacity for equitable relief. NO MONETARY DAMAGES ARE SOUGHT AGAINST ANY DEFENDANT. Pursuant to Fed.R.Civ.P. 10(c), the Appendices contained in the Appendix and Supplemental Appendix are incorporated by reference herein.

## COUNT I

2. Defendant, Scott enforces and will continue to enforce §120.81(3), Fla. Stat. This statue section is also the basis for Defendant Jones' Rule 33-102.202, Fla. Admin. Code.

3. The Administrative Procedures Act ('APA') is part of the open

government provisions of Florida law and provides an easy, inexpensive means for Florida citizens to participate in state government. APA rule-challenge proceedings exist to create an effective citizen-initiated check on executive branch rulemaking.

**4.** With regard to proposed rules, APA proceedings are designed to provide a means for non-prisoner citizens who are substantially affected thereby, to petition an independent quasi-judicial officer and seek to prevent the proposed rule from going into effect.

**5.** As a prisoner, Plaintiff's participation in the APA under § 120.81(3), is limited to:

**A.** Submitting written comments/objections to agencies on proposed rules, under §120.54(3)(c), Fla. Stat.; and

**B.** Petitioning to initiate rulemaking for an agency to adopt, amend or repeal rules, under § 120.54(7)(a), Fla. Stat.

**6.** As a prisoner, Plaintiff is prohibited by § 120.81(3), from:

**A.** Petitioning the Division of Administrative Hearings ('DOAH') for administrative determination under §120.56, that a rule, proposed rule or agency statement is invalid;

**B.** Petitioning an agency for a declaratory statement under § 120.565;

**C.** Requesting a variance from, or waiver of, an agency's rules under §120.542;

**D.** Seeking judicial review under §120.68, of final agency action[2] or an agency order denying a petition to initiate rulemaking;

**E.** Petitioning to initiate rulemaking under §120.54(7)(b), concerning

---

[2] This includes challenging the findings and punishment in agency disciplinary proceedings or the denial of grievance appeals in central office.

7

an agency statement meeting the definition of a "rule."

**F.** Requesting a hearing on a DOC proposed rule or a rulemaking workshop on a proposed rule development and participating therein by electronic means.

**G.** Acting as a qualified representative.

**7.** Non-prisoner citizens who petition for administrative determination of the invalidity of an existing rule, proposed rule or agency statement; file a petition with the DOAH and no filing fee is required. The procedural aspects of DOAH proceedings are governed by specially adopted rules in Chapter 28-106, Fla. Admin. Code. The petitions are considered and decided by an independent, unelected Administrative Law Judge ('ALJ'), trained in the APA and experienced in DOAH proceedings. The ALJ has a ministerial duty to rule on such petitions.

**8.** In a petition for administrative determination proceeding before the DOAH, a non-prisoner citizen enjoys a much lower standard of proof that the rule, proposed rule or agency statement is invalid under the APA. An appeal from a DOAH decision is governed by a *de novo* standard of appellate review.

**9.** In order for Plaintiff to challenge an existing rule[3] or agency statement as invalid, he must file, through an attorney in good standing with the Florida Bar, a complaint for declaratory judgment under §§ 86.011 and/or 120.73, Fla. Stat., in the Second Judicial Circuit for Leon County and pay a $400.00 filing fee.

---

[3] Due to the time it takes to process/prescreen a prisoner's complaint; have indigence determined; make an initial partial payment to the court; and have summons served; a prisoner could never succeed in bringing a challenge to a proposed rule before it went into effect.

10. The processing of a complaint for declaratory judgment is governed by the Florida Rules of Civil Procedure, which are not tailored to administrative law and procdure. Such a complaint would be heard by an elected Circuit Court judge who rarely possesses the experience and expertise in administrative law and procedure that an ALJ has.

11. To obtain a declaratory judgment on the validity of rules or agency statements, Plaintiff must meet exacting criteria established in the common law, and the Circuit Court judge has no duty to enter the requested declaration. On appeal, because entering the declaration is discretionary, if one is not entered, the order is governed by an abuse of discretion standard of appellate review.

12. The continued enforcement of § 120.81(3) by Defendant Scott, prevents Plaintiff from challenging the validity of amendments to, and repeals of, portions of 64E-26, other agency rules and agency statements meeting the APA definition of rules.

13. Plaintiff's entire life is regulated by administrative rules established by state agencies, yet as a prisoner, he is part of a class of Florida citizens who are excluded from utilizing this efficacious, equitable and inexpensive check on executive branch rulemaking which exceeds delegated legislative authority.

14. The almost complete exclusion of Plaintiff from the APA has enabled the DOH to delegate responsibility of the State's health system to DOC and permit

non-rule policy to govern health in State detention facilities.

**15.** It has also permitted DOC to maintain agency statements that meet the APA definition of rules that are unavailable to prisoners and also constitute "unadopted rules." These agency statements function as a *de facto* phantom government maintained by the DOC and condoned/perpetuated by Defendant Scott's enforcement of § 120.81(3).

**16.** There is no legitimate penological objective served by the exclusion of prisoner citizens from the APA, which forces them to challenge rules and/or agency statements in a financially burdensome, less equitable forum which isn't even required to decide the issues presented and which subjects them to a heightened standard of proof and more stringent standard of appellate review.

**17.** There is no rational basis for excluding prisoner citizens from DOAH proceedings when all other non-prisoner citizens have unfettered access.

**18.** The enforcement of § 120.081(3) by Defendant Scott is motivated by malice, ill-will and/or spite.

## COUNT II

A.  **2007 Repeals of 64E-26**

**19.** The Florida Administrative Weekly ('FAW') is not available to DOC prisoners and Defendant Philip has refused to adopt a rule for providing 64E-26 rulemaking notices to the class of persons (*i.e.* prisoners) directly affected thereby.

10

**20.** On 13 February 2007, Plaintiff received an undated Notice of Proposed Rulemaking for 64E-26 from DOH (cover letter dated 7 February 2007) informing Plaintiff a hearing would be scheduled if requested within 21 days of the notice.

**21.** The Notice of Proposed Rulemaking concerned the repeal of sections 64E-26.014 and .015, Fla. Admin. Code. (Appendix R)

**22.** On 26 February 2007, Plaintiff "filed" (under the prisoner 'mailbox rule') his comments/objections on the proposed repeal of 64E-26.014 and .015. He requested a hearing where prisoners could be represented by the Florida Justice Institute ('FJI').

**23.** On 14 March 2007, Plaintiff was informed "the proposed changes to 64E-26, were noticed 2 February 2007 in the FAW. Your request is dated 26 February 2007. Consequently your request was not timely submitted."

**24.** Failure to hold a public hearing prevented FJI, which advocates on behalf of prisoners, and whom were willing to do so in this instance, from representing their interests and presenting evidence and argument that the proposed repeals were contrary to the agency's duties and unlawfully delegated responsibility for public health to another agency.

**25.** In submitting the repeals of 64E-26.014 and .015 for publication, DOH certified that "no timely request was received by this agency, therefore no hearing was held." (Appendix Q)

11

26. Defendant Philip, has a legal duty to "give such notice <u>as is prescribed by rule to</u> those <u>particular classes of persons</u> to whom the intended action is directed."

27. Plaintiff utilized the only administrative remedy available to him, and petitioned DOH to adopt a rule as required by § 120.54(3)(a)3. The petition was denied and further review was foreclosed by Defendant Scott's enforcement of § 120.81(3), Fla. Stat. <u>See</u> Count I, *ante*.

28. The failure of Defendant Philip to provide timely notice and the failure by Defendant Philip, to adopt and implement a rule to provide timely notice to prisoners, prevented Plaintiff from participating in the only aspect of the APA available to him and be heard on his objections as well as those by FJI at the hearing he'd requested.

29. The DOH was required by 64E-26.014 to conduct plan reviews of proposed state and local detention facilities, to ensure compliance with 64E-26. The DOH was permitted by 64E-26.015 to inspect state and local detention facilities "to determine sanitary practices and conditions as often as necessary for the enforcement of the provisions" of 64E-26.

30. The reason for repealing them was: "The [DOH] has not been given authority by the legislature to perform plan reviews or to inspect state and local detention facilities." (App. R, p. 2)

**31.** In the 2 May 2007 order denying supplemental relief in *Osterback v. Viamonte Ros*, the Court stated: "This Court, as well as the First District Court of Appeal has stated that statutory authority existed," for the precursor to 64E-26.

**32.** The DOH cited § 381.006, Fla. Stat., as both the specific authority for, and law implemented by, the repeal. (*id.*, pp. 3-4) This February 2007 repeal:

    **A.** Materially failed to follow APA rulemaking procedures;

    **B.** Exceeds the grant of rulemaking authority;

    **C.** Contravenes the provisions of law being implemented;

    **D.** Is both arbitrary and capricious; and

    **E.** Is not supported by competent substantial evidence.

**33.** The repeal of these sections of the rule delegated responsibility of the State's public health system to DOC. The repeal allowed non-rule policy to once more govern prisoner health concerns.

    **B.**     **2010 Amendments/Repeals to 64E-26**

**34.** On 22 January 2010, Defendant Philip published a Notice of Proposed Rulemaking for 64E-26, seeking to repeal, in their entirety sections 64E-26.002 through .004 and 64E-26.006 through .013, while incorporating some of the language from these repealed sections into 64E-26.001 and .005. (Appendix P)[4]

**35.** As specific rulemaking authority for this comprehensive rulemaking, §§ 381.006 and 381.0011(13), Fla. Stat., were cited and §§ 381.006(6) and

---

[4] A copy of this notice was provided to Plaintiff pursuant to a previous request made under § 120.54(3)(a)3.

13

381.0011(4), Fla. Stat., were cited as the law being implemented.

36. The notice contained a recitation of the litigation surrounding the rule and stated the 'purpose' of the rulemaking was "to identify and retain requirements from this chapter that are supported by the department's statutory authority and to repeal rules that are not." (App. P, p. 2) The stated 'effect' was to ensure the "rules comply with the APA's requirement that each rule...reflect a specific law the agency is required to implement, interpret or make specific." (*id.*)

37. Plaintiff made timely comments/objections to the proposed changes and requested a hearing. The hearing was held 6 April 2010 but FJI was not able to attend telephonically from Miami and was limited to submitting written comments/objections.

38. Between 11 February and 9 September 2010, the Joint Administrative Procedures Committee ('JAPC') several times objected to the proposed amendments/repeals and detailed its concerns.

39. On 24 September 2010, the JAPC certified the rule amendments and repeals for adoption. They became effective 17 October 2010.

40. The 2010 amendments to and repeals of 64E-26's provisions:
  A. Materially failed to follow APA rulemaking procedures;
  B. Exceeded the grant of rulemaking authority by;
  C. Enlarged, modified and/or contravened the provisions of law implemented;

    **D.** Are vague;

    **E.** Are both arbitrary and capricious; and

    **F.** Are not supported by competent substantial evidence.

    **41.** The 2007 and 2010 repeals of and amendments to 64E-26's provisions have had the effect of creating and/or implementing non-rule policy. In the absence of these provisions, DOC staff rely on the same American Correctional Association standards and unadopted rules (*e.g.* the DOC's EHSM, Procedures, Manuals and Technical Instructions, *etc.*) as before the judicial revival of 64E-26. It also permits DOC to manipulate the capacity calculations in § 944.023.

    **42.** The amendments to and repeals of the provisions in 64E-26 are an invalid exercise of delegated legislative authority as defined by § 120.52(8).

    **43.** Based upon Defendant's continued reliance upon 64E-26 in its current form and the facts set forth in ¶¶ 18-40, *supra*, Plaintiff is in doubt as to whether:

    **A.** Defendant Philip had authority to amend/repeal the provisions in 64E-26;

    **B.** The amended/repealed provisions are invalid; and

    **C.** Exclusion of DOC prisoners from the rulemaking process, violated § 9, Art. I, Fla. Const. and Amendment 14, U.S. Const.

**VI.**    **STATEMENT OF CLAIMS:**

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

    **44.** COUNT I – Is brought pursuant to 42 U.S.C. § 1983 seeking relief from

the deprivation of rights secured by the federal and state constitution by persons acting under color of authority. Plaintiff adopts and realleges as part hereof, the facts in ¶¶ 1 & 2-18, *supra*. Plaintiff's right to petition government for redress of grievances, to political speech through public interest litigation, to access to court, to due process of law and to equal protection under law, guaranteed by Amendments 1 and 14 of the U.S. Constitution and §§ 2, 4, 5, 9 & 21, Article I of the Florida Constitution are violated by Defendant Scott's continued enforcement of § 120.81(3), Fla. Stat., See ¶¶ 2 & 12, 15 & 18, *supra*.

45. COUNT II – Is brought pursuant to both 42 U.S.C. § 1983 and § 120.73, Fla. Stat. and seeks relief from deprivation of rights secured by the federal and state constitutions as well a determination as to whether agency rulemaking was invalid. Plaintiff adopts and realleges, as a part hereof, the facts in ¶¶ 1 & 19-43, *supra*.

**A.** Plaintiff's right to due process of law under Amendment 14 of the U.S. Constitution and § 9, Article I of the Florida Constitution was violated and continues to be violated by the actions and/or inaction of Defendant Philip. See ¶¶ 1 & 19, 20-28, *supra*.

**B.** Under this Court's supplemental jurisdiction 28 U.S.C. § 1367, and § 120.73, Fla. Stat., Plaintiff is in doubt as to whether:

The 2007 repeal of 64E-26.014 and .015, Fla. Admin. Code (See ¶¶ 21, 29-33 & 41-43, *supra*) and the 2010 amendments/repeals of 64E-26's provisions (See, ¶¶ 34-43, *supra*) were invalid under §

120.52(8), Fla. Stat.

## VII. RELIEF REQUESTED

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/statutes.

46. In regard to COUNT I – Plaintiff requests the Court:

    A. Enter declaratory judgment pursuant to 28 U.S.C. § 2201, that:

    Section 120.81(3), Fla. Stat., violates and continues to violate Plaintiff's rights as set forth in ¶ 44, *supra*.

    B. Enter injunctive relief enjoining Defendant Scott's further enforcement of 120.81(3), Fla. Stat.

47. In regard to COUNT II – Plaintiff requests the Court:

A. Enter declaratory judgment pursuant to 28 U.S.C. § 2201, that:

    i. The 2007 rulemaking proceedings to repeal of 64E-26.014 and 64E-26.015 did not afford Plaintiff due process.

    ii. Defendant Philip's administrative rules do not provide "such notice as prescribed by rule to those particular classes of persons to whom the intended action is directed."

    iii. The 2007/2010 repeals of and amendments to the provisions of 64E-26 were an invalid exercise of delegated legislative authority.

    B. Enter injunctive relief requiring that:

    i. Defendant Philip promulgate rules to comply with the provisions of § 120.54(3)(a)3, Fla. Stat.

    ii. The DOH reinstate the provisions of 64E-26 amended and/or repealed in the 2007/2010 rulemaking proceedings.

    iii. The 2007 and 2010 rulemaking proceedings be voided based upon the declaration in ¶ 47A, *supra*.

48. Plaintiff requests a jury trial on the Counts in this complaint.

49. Plaintiff requests the costs of bringing suit and any other relief this court deems just.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, ARE TRUE AND CORRECT.**

**Signed this 25th day of January 2017**

Mark Osterback 745278
8784 U.S. Highway 27 West
Mayo, FL 32066-3458

## CERTIFICATE OF SERVICE

I CERTIFY that a copy hereof has been sent by first class U.S. mail delivery this 25th day of January 2017 to Marcus O. Graper, Assistant Attorney General, The Capitol, PL-01, Tallahassee, FL 32399-1050.

Plaintiff, *pro se*

