# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**MARK OSTERBACK,**

      **Plaintiff,**

**vs.**                                **Case No. 4:16cv105-MW/CAS**

**RICK SCOTT**
**and CELESTE PHILIP, M.D.,**

      **Defendants.**

_____/


## ORDER and REPORT AND RECOMMENDATION

Pro se Plaintiff Mark Osterback filed a third amended complaint, ECF No. 37, on January 30, 2017.  Defendants previously filed a motion for sanctions or, in the alternative, a motion for more definite statement.  ECF No. 38.  That motion was denied.  ECF No. 41.  Plaintiff's third amended complaint [hereinafter "complaint"] presented two claims (Counts I and II)[1] challenging FLA. STAT. § 120.081(3) and the repeal of Rule 64E-26.  ECF No. 37.  The claims were found to be at least tangentially related and not in

---

[1] In response to Defendants' motion, ECF No. 38 at 3, Plaintiff specifically refuted that he was not challenging the "calculation of prison capacity pursuant to Florida Statutes section 944.023" as asserted by Defendants.  ECF No. 40 at 2.

violation of the prior Order entered by District Judge Mark E. Walker, ECF No. 27.  ECF No. 41.

Defendants filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b).  ECF No. 45.  Plaintiff was advised of his obligation to file a response in opposition to the motion, ECF No. 46, and Plaintiff's response was timely filed.  ECF No. 51.  The motion is ready for a ruling.

A motion for case status was filed by Plaintiff in late November 2017.  ECF No. 54.  The motion was overlooked until now, but issuance of this Report and Recommendation provides case status.  Therefore, that motion, ECF No. 54, is denied as moot.

**Allegations of the Third Amended Complaint, ECF No. 37**

Plaintiff has sued Rick Scott, Governor the State of Florida, and Celest Philip, the State Surgeon General.  ECF No. 37 at 1.  In Count I, Plaintiff challenges Defendant Scott's enforcement of Florida Statute § 120.81(e).  *Id.* at 6.  That statute operates as the basis for Rule 33-102.202 of the Florida Administrative Code.[2]  *Id.*  Plaintiff alleges that

---

[2] Plaintiff alleged that the statute was "the basis for Defendant Jones' Rule," but Florida Department of Corrections' Secretary Julie Jones is not a named Defendant.

because he is "a prisoner, [his] participation in the APA [Administrative

Procedure Act, FLA. STAT. § 120] under § 120.81(3)" is limited.  *Id.* at 7-8.

He further alleges that more onerous requirements are placed on prisoners

who desires to challenge the validity of a rule.  *Id.* at 8-9.  Plaintiff asserts

that Defendant Scott's continued enforcement of § 120.81(3) prevents him

"from challenging the validity of amendments to, and repeals of, portions

64E-26, other agency rules and agency statements meeting the APA

definition of rules."  *Id.* at 9-10.

Count two of the complaint alleges that Defendant Philip "has refused

to adopt a rule for providing 64E-26 rulemaking notices" to prisoners.  *Id.* at

10.  Plaintiff asserts that in February 2007, the Department of Health

repealed two sections, 64E-26.014 and .015, *id. at* 11, but he was excluded

from the administrative process.  *Id.* at 11-12.  In 2010, additional rule

changes were made, which Plaintiff contends were an "invalid exercise of

delegated legislative authority as defined by § 120.52(8)."  *Id.* at 14-15.

Plaintiff contends that both counts of the complaint are brought

pursuant to 42 U.S.C. § 1983.  *Id.* at 15-16.  He claims in Count One that

Defendant Scott has violated his "rights to petition [the] government for

redress of grievances, to political speech through public interest litigation,

to access to court, to due process of law and to equal protection under law"

through Defendant Scott's continued enforcement of § 120.81(3).  He

claims in Count Two that his due process rights were violated and he

further seeks to bring state law claims pursuant to this Court's

supplemental jurisdiction.  *Id.* at 16.  Plaintiff seeks both declaratory and

injunctive relief.  *Id.* at 17.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to

Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be

granted is whether the plaintiff has alleged enough plausible facts to

support the claim stated.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127

S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from Conley v.

Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  "To survive a

motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to "state a claim to relief that is plausible on its face."

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting

Twombly, 550 U.S. at 570, 127 S.Ct. 1955).[3]  "A claim has facial plausibility

---

[3] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677 (citing Twombly, 550 U.S. at 556); *see also* Speaker v. U.S. Dep't of Health, 623 F.3d 1371, 1380 (11th Cir. 2010). "The plausibility standard" is not the same as a "probability requirement," and "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 556).  A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility." Iqbal, 129 556 U.S. at 677 (quoting Twombly, 550 U.S. at 557).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").  Pro se complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing

---

disbelief of a complaint's factual allegations." Twombly, 127 S.Ct. at 1965, (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

<u>Haines v. Kerner</u>, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)).  Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ." <u>Dura Pharmaceuticals, Inc. v. Broudo</u>, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005) (quoted in <u>Twombly</u>, 550 U.S. at 558).  The requirements of Rule 8 do "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  <u>Iqbal</u>, 556 U.S. at 678-79, 129 S.Ct. at 1949.  A complaint does not need detailed factual allegations to survive a motion to dismiss, but Rule 8 "demands more than an unadorned, the-defendant-unlawfully- harmed-me accusation."  556 U.S. at 678, 129 S.Ct. at 1949.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  <i>Id.</i> (quoting <u>Twombly</u>,  550 U.S. at 555). Thus, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal."  <u>Davila v. Delta Air Lines, Inc.</u>, 326 F.3d 1183, 1185 (11th Cir. 2003).

**Motion to Dismiss, ECF No. 45**

Defendants assert a number of reasons why Plaintiff's complaint should be dismissed.  ECF No. 45.  One reason is that Defendant Scott "is subject to dismissal as an improper party in this action."  *Id.* at 12. Defendant argues that "[t]he governor's general executive power to enforce the laws under Article IV, § 1 of the Florida Constitution is not a sufficient basis to name the governor as a proper party when the plaintiff seeks to challenge the constitutionality of a law."  *Id.* (citations omitted).

Plaintiff argues that this argument fails under *Ex Parte Young* and claims that the Governor is an appropriate Defendant because he appoints the secretary of each executive department which is not led by an elected official.  ECF No. 51 at 2-3.  Plaintiff states that the Governor leads the executive branch of government to which the APA is applicable,[4] and he chairs the Administration Commission which, in turn, appoints the Director of the Department of Administrative Hearings [DOAH].  *Id.* at 2-3. Additionally, Plaintiff argues that the Governor appoints the Secretary of the Department of Management Services "which directly administers the

---

[4] Under Florida law, the APA does not apply to the legislature or to the courts. FLA. STAT. § 120.50.

DOAH."  *Id.* at 5.  Plaintiff contends that Defendant's citation of cases supports his position, not the Defendant's position.  *Id.* at 3-6.

The starting point to resolve this argument is the well established rule that in challenging the constitutionality of a statute, a plaintiff must bring the case "against the state official or agency responsible for enforcing the allegedly unconstitutional scheme."  ACLU v. The Florida Bar, 999 F.2d 1486, 1490 (11th Cir. 1993) (citing Diamond v. Charles, 476 U.S. 54, 64, 106 S.Ct. 1697, 1704, 90 L.Ed.2d 48 (1986) ("The conflict between state officials empowered to enforce a law and private parties subject to prosecution under that law is a classic 'case' or 'controversy' within the meaning of Art. III.").  "In a suit such as this one, where the plaintiff seeks a declaration of the unconstitutionality of a state statute and an injunction against its enforcement, a state officer, in order to be an appropriate defendant, must, at a minimum, have some connection with enforcement of the provision at issue."  Socialist Workers Party v. Leahy, 145 F.3d 1240, 1248 (11th Cir. 1998).

In Women's Emergency Network v. Bush, 214 F. Supp. 2d 1316, 1316 (S.D. Fla. 2002), aff'd, 323 F.3d 937 (11th Cir. 2003), the Governor was named as the Defendant in an action which "challenge[d] the

constitutionality of the Choose Life specialty license plate scheme, as codified at Fla. Stat. § 320.08058(30) (the 'Act')." Bush, 214 F. Supp. 2d at 1316.  The Governor of Florida successfully argued that he was not a proper party to the action merely because he, along with the Cabinet, heads the Department of Highway Safety.  The court concluded that plaintiffs' controversy was "properly with the Department and the Executive Director who oversees it."  214 F. Supp. 2d at 1318 (S.D. Fla. 2002), aff'd, 323 F.3d 937 (11th Cir. 2003).

Plaintiff's arguments on this point lack merit.  He contends that the Governor is the proper party because he appoints the officials who oversee DOAH.  ECF No. 51 at 3-5.  Yet that is insufficient to show that he is *responsible for the challenged actions* of enforcing provisions of the APA. Indeed, it shows the opposite.

"Unless the state officer has some responsibility to enforce the statute or provision at issue, the 'fiction' of *Ex parte Young* cannot operate." Summit Med. Assocs., P.C. v. Pryor, 180 F.3d 1326, 1341 (11th Cir. 1999). "In *Ex parte Young*, the Supreme Court observed:

> In making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the

> enforcement of the act, or else it is merely making him a party
> as a representative of the state, and thereby attempting to
> make the state a party.
>
> ... The fact that the state officer, by virtue of his office, has
> some connection with the enforcement of the act, is the
> important and material fact, and whether it arises out of the
> general law, or is specially created by the act itself, is not
> material so long as it exists.

Ex parte Young, 209 U.S. 123, 157, 28 S.Ct. 441, 453, 52 L.Ed. 714

(1908); *see also* Freiberg v. Francois, No. 4:05cv177-RH/WCS, 2006 WL

2362046, at *5 (N.D. Fla. Aug. 15, 2006) (dismissing Florida Attorney

General from case which challenged licensing restrictions to practice

naturopathy in Florida).

In the complaint, Plaintiff makes only conclusory allegations that

Defendant "Scott enforces and will continue to enforce § 120.81(e)."  ECF

No. 37 at 6; *see also Id.* at 9.  He further asserts, without factual support,

that Defendant Scott's enforcement "is motivated by malice, ill-will and/or

spite."  *Id.* at 10.  Those conclusory allegations are insufficient to

demonstrate Defendant Scott is a proper Defendant with enforcement

authority over the APA.  Plaintiff has pointed to no statute which directs the

Governor's involvement in, or enforcement of, the APA.[5]   Accordingly,

Defendant Scott's motion to dismiss him as a Defendant, ECF No. 45,

should be granted.   Because no other Defendant is named in count one,

*see* ECF No. 37 at 16-17, there is no need to consider the other arguments

as to why the claims raised are insufficient.

Defendant Philip contends that count two should be dismissed

because the claims are time barred.   ECF No. 45 at 20-22.   A federal

§ 1983 claim is governed by the forum state's residual personal injury

statute of limitations.   Burton v. City of Belle Glade, 178 F.3d 1175, 1188

(11th Cir. 1999) (citing Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct.

573, 102 L.Ed.2d 594 (1989) and Wilson v. Garcia, 471 U.S. 261, 276, 105

S.Ct. 1938, 85 L.Ed.2d 254 (1985)).   In Florida, a § 1983 action must be

commenced "within four years of the allegedly unconstitutional or otherwise

illegal act." Burton, 178 F.3d at 1188 (citing Baker v. Gulf & Western

Indus., Inc., 850 F.2d 1480, 1483 (11th Cir. 1988)).[6]   Although the

---

[5] Plaintiff argued in opposition to the motion to dismiss that in another case litigated in this Court, he was permitted to retain the Governor as a defendant. ECF No. 51 at 5 (citing case # 4:09cv111-WS).   While true, the issue was given short shrift in light of the finding that the case should be dismissed as moot.   ECF No. 37 at 8; ECF No. 41.

[6] Defendant's suggestion that a one year statute of limitations is applicable, ECF No. 45, need not be addressed in light of the fact that the claim is barred by the four

limitations period is determined by state law, when a § 1983 action accrues

is a question of federal law.  <u>Mullinax v. McElhenney</u>, 817 F.2d 711, 716

(11th Cir. 1987) (and cases cited).  The statute of limitations begins to run

when the facts supporting the cause of action are apparent or would be

apparent to a reasonable person, and when the plaintiff knows or has

reason to know of his injury.  *Id.*

Here, Plaintiff initiated this case in February 2016.  ECF No. 1.

Plaintiff's complaint makes clear that in February 2007, he was aware of

the intent to repeal several rules.  ECF No. 37 at 11.  Plaintiff attempted to

challenge that action, but his appeal requests were not timely submitted.

*Id.*  Plaintiff then sought relief in state court, which was denied in May 2007.

*Id.* at 13.  Accordingly, the complaint sufficiently demonstrates that Plaintiff

was aware of the events in 2007 at the time they occurred.

Similarly, his complaint demonstrates that Plaintiff knew of the State's

intent to repeal additional rules in 2010.  ECF No. 37 at 13-15.  Plaintiff

submitted written objections, but the amendments became effective on

October 17, 2010.  *Id.* at 14.  Thus, Plaintiff has shown that he was aware

---

year statute of limitations.  Moreover, this case is not truly challenging the conditions of
Plaintiff's confinement but, rather, state law which impacts him because he is confined.

Case No. 4:16cv105-MW/CAS

of his injury at the time of the events at issue in count two.  Because this case was filed more than four years later, the claim in count two should be dismissed as barred by the statute of limitations.

**ORDER**

Accordingly, it is **ORDERED** that Plaintiff's motion for case status, ECF No. 54, is **DENIED as moot**.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that the motion to dismiss, ECF No. 45, be **GRANTED** and count one of Plaintiff's amended complaint, ECF No. 45, be **DISMISSED** because Governor Scott is an improper party, and count two be **DISMISSED** as barred by the statute of limitations.

**IN CHAMBERS** at Tallahassee, Florida, on January 30, 2018.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

    Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.